ADELPHI PAINT & COLOR WORKS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29508.   Promulgated December 6, 1929.

*Jacob Kromberg, C. P. A.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

Murdock: The Revenue Act of 1921, in section 234(a), provides that the following may be deducted:

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The petitioner does not claim the deductions in question under that part of the above provision which relates to a reserve. Although it admits that neither an ascertainment of worthlessness nor a charge-off was made in the taxable years, it nevertheless contends that the debts were eventually ascertained to be worthless and charged off, and its right to the deductions was not lost because of

the delay. We need not decide this question, since in any event the petitioner has failed to offer sufficient evidence from which we can determine that it ever ascertained these debts to be worthless within the meaning of the Act.

We are asked to hold that the petitioner ascertained certain debts to be worthless. The Commissioner has refused to so hold. In such a situation the petitioner does not make out its case by merely having witnesses testify in so many words that the debts were ascertained to be worthless. Such a statement of a witness is a conclusion based upon the judgment of the witness as to what is necessary to ascertain a debt to be worthless. This is a question upon which we are to exercise our judgment and the judgment of the witness may not be substituted for ours and forced upon us in this way. Facts, not conclusions alone, must be presented, the facts which moved the officers of the petitioner to reach their conclusion that the debts were worthless. *Alemite Die Casting & Manufacturing Co.*, 1 B. T. A. 548; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *American National Bank*, 10 B. T. A. 490, affd. 31 Fed. (2d) 47; *Atlantic Bank & Trust Co.*, 10 B. T. A. 796; *Cullum Motor Co.*, 15 B. T. A. 1253.

Einhorn was asked, "Did you question the accounts and go into the question as to why they had not been paid?" He answered, "Yes. I remember I asked Mr. Levin why they were not paid." He further testified that he examined the accounts receivable ledger and discovered certain balances were being carried, some of which were three or four years old. He did not remember referring to any correspondence relating to these accounts which might have been in the files. And he did not tell us of anything further that he did other than that he consulted with the accountant. The accountant testified that he carefully scrutinized every account in the ledger and if there was any correspondence in the file he examined it, and from his investigation he prepared a schedule showing the name of the debtor, his address, the date of the last sale, the date of the last payment, and the amount charged off. This man knew nothing of the debts except what he learned from the files of the company. We have not been told what information as to particular debts was contained in the files. On the facts before us we can not say that a reasonably prudent business man would have concluded that these particular debts were worthless in the taxable years. Even if we were satisfied that the debts were worthless at the time the investigation was made, we could not approve the accountant's method of allocating part of the charge off to one year and part to the other without additional proof on this point.

*Judgment will be entered for the respondent.*